IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 12 C 6258 |
| v. | ) | |
| | ) | Judge |
| ELECTRO-MOTIVE DIESEL, INC, | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |

**COMPLAINT**

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991.

2. This court has jurisdiction pursuant to 42 U.S.C. §§ 2000e-5(e) and (f) and 28 U.S.C. §1331 and §1367.

3. Venue is proper in this court pursuant to 28 U.S.C. §1391, in that Defendant Electro-Motive Diesel, Inc., is a company doing business in the Northern District of Illinois and under 28 U.S.C. §1331(b)(2) in that the events alleged below occurred in this District.

**Parties**

4. Plaintiff Clifford Harris is a resident of Chicago, Illinois. At all times relevant to this complaint he was employed by Electro-Motive Diesel, Inc., and worked at a facility located at 9301 W. 55th Street, McCook, Illinois 60525.

5. Plaintiff Harris was an employee within the meaning of Title VII.

6. Defendant Electro-Motive Diesel, Inc., is a business incorporated under the laws of Delaware, which does business in McCook, Illinois. The defendant is an employer within the meaning of 42 U.S.C. § 2000e(b). The defendant is engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

**Administrative Proceedings**

7. Plaintiff filed a charge of discrimination alleging sexual harassment/hostile work environment and retaliation, with the Illinois Department of Human Rights (2011 CF 1945) and the Equal Employment Opportunity Commission (21 BA 10743).

8. Plaintiff received a Notice of Right to Sue from the EEOC on or about May 12, 2012.

**Facts**

9. Defendant hired Plaintiff in February 2006 as a machine operator.

10. On February 20, 2010, Plaintiff's locker was vandalized with sexually explicit language and images. Specifically, an unknown individual or individuals wrote "Transylvanian Whore," "voodoo bitch" and "Dracula's Locker" on Plaintiff's locker in yellow paint and hung a liquid-filled condom on his locker.

11. Plaintiff reported the vandalism to supervisors including James Randolph on February 20, 2010.

12. Defendant never identified the perpetrator of the vandalism.

13. In April 2010, John Howard became Plaintiff's supervisor.

14. On or about April 15, 2010, Plaintiff asked Howard why Plaintiff had not been paid for some overtime hours he had worked. Howard responded that he would look into the matter and told Plaintiff that he was "sexy."

15. Plaintiff made clear that the conduct was unwelcome and responded that he wasn't sexy.

16. The same day, Howard came up behind Plaintiff while he was working and touched Plaintiff's shoulder. There was no reason for Howard to touch Plaintiff. Because Howard had just made advances towards Plaintiff that same day, Plaintiff felt uncomfortable and frightened.

17. On April 15, 2010, Plaintiff filed a complaint with Ray Moroni, the company's manager of labor relations, stating that Howard was sexually harassing him.

18. Again, on April 18, 2010, John Howard deliberately came up behind Plaintiff while Plaintiff was trying to punch out at the end of his shift. Howard rubbed his body against the back of Plaintiff's body. Howard asked Plaintiff, "did that scare you?"

19. Other employees witnessed this conduct.

20. Plaintiff reported Howard's advances to Rufus Cathy, his union representative, on or about April 20, 2010. Plaintiff stated that he did not feel comfortable or safe working for Howard.

21. Howard's conduct and the locker incident created a hostile and offensive work environment that substantially interfered with Plaintiff's ability to do his job.

22. Defendant temporarily moved Plaintiff from Howard's supervision to a different supervisor the day following his complaint.

23. One day later, on or about April 22, 2010, Defendant placed Plaintiff back under Howard's supervision having determined that no harassment took place.

24. On or about April 19, 2010, James Randolph and Jonathan Howard asked Plaintiff to work overtime on April 24, 2010.

25. Plaintiff verbally told Howard and Randolph that he did not want to work overtime because he was afraid of Howard and did not feel comfortable working with him.

26. On April 26, 2010, Plaintiff returned to work. Defendant claimed that Plaintiff had agreed to work overtime that weekend.

27. Defendant suspended Plaintiff without pay for 30 days, stating that Plaintiff was absent from work without permission on April 24, 2010, and had accumulated too many attendance violations.

28. That was false. Plaintiff explicitly told his supervisors that he did not agree to work overtime that weekend. There was no other legitimate reason for this suspension.

29. The timing of the suspension, directly following Plaintiff's complaints of sexual harassment by his supervisor, gives rise to an inference of retaliatory motivation.

30. Plaintiff never returned to work at Defendant. Plaintiff sought medical attention and was diagnosed with post-traumatic stress and depression.

31. Defendant terminated Plaintiff's employment November 2010.

32. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, medical bills, and other damages.

3

## COUNT I
### Title VII: Sexual Harassment

33. Plaintiff realleges paragraphs 1 – 33 as if fully set forth herein.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A.    Back pay;

    B.    Reinstatement or front pay;

    C.    Plaintiff's cost of suit and attorney's fees; and

    D.    Any further relief as this Court deems just.

## COUNT II
### Title VII: Retaliation

34. Plaintiff realleges paragraphs 1 – 31 as if fully set forth herein.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A.    Back pay;

    B.    Reinstatement or front pay;

    C.    Plaintiff's cost of suit and attorney's fees; and

    D.    Any further relief as this Court deems just.

**Plaintiff demands trial by jury.**

Respectfully submitted,

/s/ Adele D. Nicholas
*Counsel for Plaintiff*

Adele D. Nicholas
Law Office of Adele D. Nicholas
4510 N. Paulina St., 3E
Chicago, Illinois 60640
847-361-3869